[Crim. No. 1238. Third Appellate District.—January 21, 1933.]

THE PEOPLE, Respondent, v. ROBERT CASERI, Appellant.

E. T. Taylor for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J.—The defendant was convicted of the misdemeanor of wilfully failing to supply his minor children with necessary food and clothing, contrary to the provisions of section 270 of the Penal Code. He was sentenced to imprisonment in the county jail for a term of six months. The judgment was suspended and he was released on his own recognizance for the purpose of permitting him to support his family. From the judgment of conviction the defendant has appealed. It is contended the judgment is not supported by the evidence.

The defendant is divorced from his wife, Emma Caseri. There were six children as the issue of their marriage. The ages of these children ranged from seven to fourteen years.

The children were awarded to the custody of Mrs. Caseri in the divorce proceeding, together with the sum of $40 a month for their support. For about two years Mrs. Caseri and the children lived with her father, John Tunzi, at Crows Landing. During that period of time Mr. Tunzi furnished these children and their mother with nearly all the food and clothing which they required. It appears without dispute that the defendant, Robert Caseri, was a farm laborer without property or means who lived in a dilapidated old cabin and was unable to find employment during most of the time he is charged with failure to support his children.

The defendant testified that he contributed to the maintenance of his children in 1931 a total sum of $148, which was practically all that he earned. He explained that his compensation for farm services included his own board and lodging. He specified the amounts which he received during each month, and the various names of his employers who live in Stanislaus County. He claimed that he sent to his wife in 1931 all that he earned except about the sum of $20, which he spent for tobacco and incidental necessities. There was no effort to dispute this evidence. Mrs. Caseri was a witness at the trial in behalf of the prosecution, but she did not dispute her husband's statement as above related. He further testified that he was able to find no employment in December, 1931, or in January, 1932. He said that he worked for Henry Johnson in February and March, 1932, pruning fruit-trees; that he earned only $20.94. He named five other persons for whom he worked in 1932, mentioning the sum of money which he was paid by each of them. He claimed that he sent to his wife for the support of their children all that he earned that year except the sum of $13.75. Regarding his inability to secure work, he testified that "I tried all over to get work. I went as far as Petaluma to get work. . . . I have worked every job I could get on, every place. . . . (From the money which I earned I kept for myself) just enough to live on, and a poor living at that, I was baching in an old cabin." He mentioned the names of local farmers from whom he sought work in vain. There was no effort to contradict the testimony of the defendant. His evidence must therefore be accepted as true. The district attorney conceded that it was true. He said: "We cannot refute his statement that he may have been

attempting to get work, and failed to get it." Mr. Henry Johnson, for whom the defendant pruned trees, was called as a witness in behalf of the prosecution. He corroborated Mr. Caseri with respect to the sum of money which he paid to him, and the time during which he was employed. He said that his services were satisfactory, and that at the request of the defendant he sent the check for a portion of his wages to his wife. Johnson also corroborated the defendant by testifying that he knew he had worked for his neighbor, Pedroni, pitching hay. Mrs. Caseri testified that her husband had given her $46 during the months of 1932 prior to his arrest. She did not contradict anything that he said regarding the work which he performed, the money which he received, the proportion thereof which he claims to have paid her, or his inability to find work during a considerable portion of the time.

The defendant's testimony indicates that he paid to his wife nearly all he was able to earn; that he sought for work and was unable to find employment during most of the time he is charged with failure to support his children. The only evidence which even tends to show the defendant's ability to furnish the necessary food and clothing which he is charged with failing to supply to his children, is Mrs. Caseri's reply to the following inquiry: "Q. *Do you think* that he has the ability to provide . . . the necessities of life for your children, if he would work? A. Yes sir. . . . Q. *Is it your opinion* that he has the ability to furnish these necessities of life if he would work and do so? A. Yes sir." These statements are valueless as evidence of ability to supply the necessities of life on the part of the defendant. They are not based upon facts or knowledge on the part of the witness. The answers purport to be based upon mere speculation and opinion. Not a circumstance is related upon which these suppositions are based. It would amount to a miscarriage of justice to support a judgment upon such flimsy evidence of ability to support minor children. The wife does not even testify that her husband was lazy. Her own witness, Johnson, appears to refute that theory. There is no substantial evidence to support the judgment of conviction.

Section 270 of the Penal Code provides that a father "who wilfully omits without lawful excuse to furnish neces-

sary food, clothing, shelter or medical attendance or other remedial care for his child is guilty of a misdemeanor.''

One who exercises reasonable diligence to procure employment and fails to secure work through no fault of his own, and who is without property or means with which to support his children, is not guilty of wilfully omitting to supply them with necessary food or clothing. (*People* v. *Wallach*, 62 Cal. App. 385, 393 [217 Pac. 81]; 20 Cal. Jur. 422, sec. 21.) A man is expected to neither steal nor beg in order to supply his children with the necessities of life. All that is required to refute the theory of wilful failure to supply the necessities of life is that a man shall honestly seek for employment and diligently perform his service to the best of his ability, contributing all that he can reasonably spare for the maintenance of his children. [4] court will take judicial knowledge of the fact that millions of men were out of employment in America in 1932 and that it was difficult for a laboring man to find work. The judgment of conviction lacks support of the evidence. The trial judge recognized this fact. To the assertion of defendant's attorney that ''I do not believe that the evidence justifies the finding of guilty,'' the judge replied: ''I think it is very doubtful, myself, but I was trying to see whether we could not get some solution of this matter.''

The judgment is reversed.

Pullen, P. J., and Plummer, J., concurred.